UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MELINDIA JACKSON,

                    Plaintiff,                          Case No. 1:15-cv-1202

v.                                                      Hon. Robert J. Jonker

STATE FARM INSURANCE
COMPANY LEGAL DEPARTMENT,

                    Defendant.
_____/

**REPORT AND RECOMMENDATION**

             This is a civil action brought by a *pro se* plaintiff, who was allowed to file the present

action *in forma pauperis* pursuant to 28 U.S.C. § 1915.  *See* Order (docket no. 5).  This matter is now

before the Court on defendant's combined "Motion to dismiss under Fed. R. Civ. P. 8 and/or

12(b)(6), or alternatively, motion for more definite statement under Fed. R. Civ. P. 12(e), in lieu of

answer" (docket no. 8).  Defendant's motion is unopposed.

       **I.       Discussion**

             Defendant's combined motion asks for dismissal, summary judgment and in the

alternative a more definite statement.  At this juncture, the Court will limit its review to defendant's

motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

             To survive a motion to dismiss, a complaint must contain sufficient factual
       matter, accepted as true, to "state a claim to relief that is plausible on its face."  A
       claim has facial plausibility when the plaintiff pleads factual content that allows the
       court to draw the reasonable inference that the defendant is liable for the misconduct
       alleged.  The plausibility standard is not akin to a "probability requirement," but it
       asks for more than a sheer possibility that a defendant has acted unlawfully.  Where
       a complaint pleads facts that are "merely consistent with" a defendant's liability, it
       "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).  "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.' " *Id.* at 677-78.  While the pleading standard Rule 8 announces does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678.

Here, plaintiff filed an uninformative complaint which she entitled "Notice of Discrimination for Disability under the ADA Act in Federal Court" which stated as follows (in her words):

> I the plaintiff have filed against the insurance company for discriminating against me for having a prior accident which I had become disable from before the one that their insured had injured me in 2008. The claim was filed in state court and closed which was handle very badly by the attorneys and the claim adjusters who did mock my prior disability.  State Farm had prior knowledge of my disability before this last one in 2008.  Causing me bodily harm and I had two shoulder surgeries.  I have a scar for life because of this injury.

Compl. (docket no. 1, PageID.2).  Plaintiff seeks $100,000.00.  *Id.*

Plaintiff's complaint does not set forth any basis for relief from this Court.  In its motion, defendant assumes that plaintiff is referring to a lawsuit which she filed against State Farm's insured in the Allegan County Circuit Court, which resulted in a $7,500.00 court-approved settlement.  *See* Defendant's Brief (docket no. 8, PageID.20).  However, plaintiff's complaint does not refer to this particular lawsuit or settlement.  Rather, plaintiff's complaint consists of nothing more than  an "unadorned, the-defendant-unlawfully-harmed-me accusation" which is insufficient to state a cause of action.  *See Iqbal*, 556 U.S. at 678.

Plaintiff's cryptic complaint is similar to other complaints which she has filed in this Court.  Since 2012, plaintiff has filed a series of *pro se* actions based upon short complaints seeking

large sums of money (ranging from $100,000.00 to $1,000,000.00) for a variety of claims against

defendants including a corporation, a mortgage company, insurance companies and the Postmaster

General.  Eight of these lawsuits have been dismissed.[1]  In dismissing one of her lawsuits, the Court

made an observation which is equally applicable to plaintiff's complaint in this case:

> [W]hile the Court must liberally construe Jackson's complaint, it is not required to "conjure up unpled allegations," *Dietz v. Sanders*, 100 F. App'x 334, 338 (6th Cir. 2004), or "invent factual scenarios that cannot be reasonably inferred from the pleadings." *Hu v. Diotte*, No. 93-1654, 1995 WL 231844 at *1 (7th Cir. Apr. 19, 1995).

*Melindia Jackson v. Costco Wholesale Corporation*, 1:12-cv-1412 (W.D. Mich.) (Opinion) (docket

no. 11, PageID.38).

Accordingly, defendant's motion to dismiss should be granted.  Finally, it appears to

the undersigned that plaintiff has a history of abusing the judicial process by filing meritless

complaints in this Court. For that reason, the undersigned recommends that plaintiff be designated

as a Restricted Filer to curb her abuse of the judicial process.

---

[1] *See Melindia Jackson v. Costco Wholesale Corporation*, 1:12-cv-1412 (W.D. Mich.) (dismissed June 6, 2013) (seeking $200,000.00 for discrimination); *Melindia Jackson v. IDS Property and Casualty Insurance Co.*, 1:13-cv-1098 (W.D. Mich.) (dismissed June 3, 2014) (seeking $500,000.00 for discrimination based on disability, race and sex);  *Melindia Jackson v. Member Select Insurance Group*, No. 1:14-cv-229 (W.D. Mich.) (dismissed May 29, 2014) (seeking $1,000,000.00 for discrimination, retaliation and harassment); *Melindia Jackson v. IDS Property and Casualty Insurance Co.*, No. 1:14-cv-524 (W.D. Mich.) (seeking $500,000.00 for denying medical care and $470,000.00 for retaliation and deprivation of services) (dismissed June 16, 2014); *Melindia Jackson v. Wells Fargo Home Mortgage*, 1:14-cv-529 (W.D. Mich.) (seeking $800,000.00 for loss of her house and destruction of her credit) (dismissed July 10, 2014); *Melindia Jackson v. United States Postmaster General*, No. 1:15-cv-3 (W.D. Mich.) (seeking $100,000.00 for slip and fall at post office) (dismissed May 1, 2015); *Melindia Jackson v. United States Postmaster General*, No. 1:15-cv-325 (W.D. Mich.) (seeking $500,000.00 for fraud, slander and harassment by post office employees) (dismissed May 19, 2015).  The Sixth Circuit denied granting plaintiff's request to proceed *in forma pauperis* in her most recent appeals, which that court referred to as frivolous. *See Melinda Jackson v. United States Postmaster General*, No. 15-1578/1632 (6th Cir. Nov. 25, 2015).  A copy of the Sixth Circuit's Order appears as docket no. 24 in *Melindia Jackson v. United States Postmaster General*, No. 1:15-cv-325.

**II.      RECOMMENDATION**

For these reasons, I respectfully recommend that defendant's motion to dismiss

(docket no. 8) be **GRANTED** and that plaintiff's complaint be **DISMISSED**.

I further recommend that plaintiff be designated as a Restricted Filer in this Court.


Dated:  January 29, 2016                              /s/ Ray Kent
                                                             RAY KENT
                                                             United States Magistrate Judge



ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk
of the Court within fourteen (14) days after service of the report.  All objections and responses to
objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections
within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474
U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).